UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

KRISTEN M.,

Plaintiff, REPORT & RECOMMENDATION
7:24-cv-07980-JGLC-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In February of 2020, Plaintiff Kristen M.[1] applied for Disability Insurance Benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, now represented by the Law Office of Christopher James Bowes,[2] Christopher James Bowes, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

This case was referred to the undersigned for a report and recommendation on December 10, 2025. Presently pending are the

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Plaintiff obtained representation after filing this case *pro se*. (Docket No. 30).

parties' competing requests for judgment on the pleadings. For the following reasons, it is recommended that Plaintiff's request should be denied, the Commissioner's request should be granted, and this case should be dismissed.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on February 6, 2020, alleging disability beginning July 4, 2018. (T at 510-64, 602).[3] Plaintiff's applications were denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

Hearings were held on June 1, 2021 (T at 123-48), September 22, 2022 (T at 116-22), January 3, 2023 (T at 90-115), and October 17, 2023 (T at 60-89), before ALJ Brian Kanner. Plaintiff was represented by counsel during the hearings. The ALJ received testimony from Plaintiff (T at 102-104, 128-46), Dr. Henry Urbanik, an impartial medical expert (T at 95-102, 104-112), and Brian Daly, a vocational expert. (T at 71-87).

### *B. ALJ's Decision*

On February 1, 2024, the ALJ issued a decision denying the applications for benefits. (T at 25-50). The ALJ found that Plaintiff had not

[3] Citations to "T" refer to the administrative record transcript at Docket Nos. 14 & 16.

engaged in substantial gainful activity since July 4, 2018 (the alleged onset date). (T at 30). The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019 (the date last insured). (T at 30).

The ALJ concluded that Plaintiff's degenerative disc disorder, degenerative joint disorder, obesity, depression, bipolar and related disorders were severe impairments as defined under the Act. (T at 30).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 31).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b) and 416.967 (b), with the following non-exertional limitations: she can only occasionally work with supervisors, co-workers, and the public; can only occasionally adapt to changes in a work setting; and cannot perform at a production-quota pace. (T at 34).

The ALJ expedited the past relevant work determination and proceeded to step five of the sequential evaluation.[4] (T at 39).

Considering Plaintiff's age (30 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 39-40).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between July 4, 2018 (the alleged onset date) and February 1, 2024 (the date of the ALJ's decision). (T at 41).

On October 9, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

*C. Procedural History*

Plaintiff commenced this action, *pro se*, by filing a Complaint on October 18, 2024. (Docket No. 1). The Commissioner filed a brief on March 27, 2025, in opposition to Plaintiff's request for review and requesting judgment on the pleadings. (Docket No. 25). On October 2,

[4] Where there is insufficient evidence regarding a claimant's past relevant work, the ALJ may conduct an "expedited process" and proceed to the step five analysis. *See* 20 C.F.R. § 404.1520(h).

2025, Plaintiff, by and through counsel, submitted a brief in support of her request for review and seeking judgment on the pleadings. (Docket No. 33).

## II. APPLICABLE LAW

### *A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire

record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises two main arguments in support of her challenge to the ALJ's decision. First, she contends that the ALJ failed to adequately assess the medical opinion evidence. Second, Plaintiff argues that the ALJ's step five analysis was flawed. The Court will address each argument in turn.

*A. Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the

claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Paula Rackoff, Plaintiff's treating rheumatologist, completed a functional assessment in December of 2023. She diagnosed osteoarthritis, plantar fasciitis, and fibromyalgia. (T at 1347). Dr. Rackoff opined that Plaintiff could occasionally lift/carry less than 5 pounds, but never more than that; stand/walk for 1 hour in an 8-hour workday; sit for 2 hours in an 8-hour workday; occasionally bend and balance, but never climb, stoop, kneel, crouch, or crawl; and reach and finger occasionally, but never push or pull. (T at 1348-49).

In July of 2021, Dr. Omar Hussamy, a non-examining orthopedic surgeon, completed a functional assessment at the ALJ's request. Dr. Hussamy opined that Plaintiff could frequently lift/carry up to 10 pounds and occasionally lift/carry up to 20 pounds; sit for 4 hours and stand/walk for 2 hours in an 8-hour workday; and occasionally engage in postural activities. (T at 1066-69).

As noted above, the ALJ concluded that Plaintiff retained the RFC to meet all the exertional demands of light work. (T at 34). In reaching this conclusion, the ALJ found the opinions of Dr. Rackoff and Dr. Hussamy unpersuasive. (T at 38-39).

For the following reasons, the Court finds that the ALJ's assessment is supported by substantial evidence and is consistent with applicable law. Here's why.

First, the ALJ's conclusion is supported by other medical opinion evidence of record.

Dr. Eric Rosenbaum performed a consultative examination in August of 2020. He diagnosed depression, anxiety, pes planus, and knee pain. (T at 847). Dr. Rosenbaum opined that Plaintiff had no limitation on performing physical activity or attending to activities of daily living. (T at 848).

In September of 2020, Dr. A. Vinluan, a non-examining State Agency review physician, opined that Plaintiff did not have any severe physical impairments. (T at 161). Another State Agency review physician, Dr. S. Stradley, reached the same conclusion in November of 2020. (T at 176).

Although the ALJ determined that Plaintiff did, in fact, have limitations in her ability to meet the physical demands of basic work activity and restricted her to light work, these medical opinions provide support for the ALJ's decision to discount the very restrictive assessments from Dr. Rackoff and Dr. Hussamy. *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an

ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

In addition, the ALJ reasonably found the record consistent with the ability to perform light work. The ALJ provided an extensive review of the clinical findings, including consistent notation of full strength in the upper and lower extremities, normal neurological findings, intact reflexes, intact sensation, and normal gait (T at 15-20, 35, 847, 1197, 1229, 1232, 1304), along with imaging studies revealing generally mild abnormalities. (T at 35, 1023, 1137, 1212-15, 1223-24, 1224, 1298).

This provides support for the ALJ's decision to discount the more restrictive opinions. *See Aguirre v. Saul*, 568 F. Supp. 3d 477, 486 (S.D.N.Y. 2021) (finding that ALJ "properly concluded" that treating physician's medical opinion "lacked support" from his own treatment notes); 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."); *see generally Sanders v. Comm'r of Soc.*

*Sec.*, No. 20-cv-2229 (ALC), 2021 U.S. Dist. LEXIS 174598, at *50 (S.D.N.Y. Sep. 14, 2021)(affirming ALJ's decision to discount treating physician's assessment of disabling arthritis symptoms based on, *inter alia*, treatment notes showing normal motor strength, no tenderness, no significant neurological deficits or muscle weakness).

Plaintiff argues that the ALJ erred by relying on the opinion of Dr. Henry Urbanik, a medical expert who testified at one of the administrative hearings. Plaintiff contends that Dr. Urbanik's opinion should have been disregarded because his medical license had lapsed and he was poorly prepared for the hearing.

The Court need not reach the merits of these arguments because the evidence set forth above, including three other medical opinions and an extensive review, and reasonable reading, of the record, is sufficient to sustain the ALJ's decision without Dr. Urbanik's opinion. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010)(finding remand not appropriate if the ALJ committed harmless error, *i.e.*, where "application of the correct legal principles to the record could lead only to the same conclusion")(alteration omitted)(citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Here, as discussed above, the ALJ's decision is supported by a reasonable reading of the record and appropriate reconciliation of the

medical opinion evidence. It must therefore be sustained under the deferential standard of review applicable here.

*B. Step Five Analysis*

At step five of the sequential analysis, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. The Commissioner bears the burden of proof at this step. *See Butts*, 416 F.3d at 103; 20 C.F.R. § 404.1560(c)(2).

In the present case, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 40-41). In reaching this conclusion, the ALJ relied on the opinion of Brian Daly, a vocational expert, who testified that a hypothetical claimant with the limitations set forth in the RFC assessment could perform the representative occupations of laundry worker, marker, and housekeeping cleaner, which exist in significant numbers in the national economy. (T at 40-41, 83-86).

Plaintiff challenges the step five analysis, pointing to a written opinion provided by another vocational expert, Robert Smith, which the ALJ did not address in his decision. Mr. Smith opined that an individual with Plaintiff's mental limitations would be unable to perform "*sedentary* unskilled work." (T at 689-90)(emphasis added).

Plaintiff's argument misses the point. The ALJ concluded that Plaintiff could meet the physical demands of *light* work (T at 34)—a conclusion supported by substantial evidence for the reasons stated above. Mr. Smith was not asked to provide an opinion regarding a claimant capable of light work. As such, the ALJ was not obliged to address his assessment. In contrast, Mr. Daly was asked about a claimant who could meet the exertional demands of light work, with the non-exertional limitations included in the RFC, and opined that such person could perform the representative occupations. (T at 702-03).

For these reasons the Court finds no reversible error in the ALJ's step five analysis. *See Green v. Saul*, No. 18CV02857JGKKHP, 2019 WL 2996502, at *10 (S.D.N.Y. June 19, 2019), *report and recommendation adopted sub nom. Green v. Berryhill*, No. 18CV2857 (JGK), 2019 WL 2992088 (S.D.N.Y. July 9, 2019)("An ALJ may rely on a VE's testimony to meet that burden so long as the testimony is based on an RFC assessment supported by substantial evidence.")(citing *Calabrese v. Astrue*, 358 F. App'x 274, 276–77 (2d Cir. 2009); *Hill v. Berryhill*, No. 1:17-CV-02090 (SDA), 2018 WL 4462362, at *11 (S.D.N.Y. Sept. 18, 2018)).

## IV. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's request for judgment on the pleadings should be DENIED; the Commissioner's request for judgment on the pleadings should be GRANTED; and this case should be DISMISSED.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See also* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the District Judge. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP*

*v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010).

Dated: February 3, 2026

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge