UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTEN M.,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

24-CV-7980 (JGLC) (GRJ)

**ORDER ADOPTING REPORT & RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Kristen M. brings this action for review of the Commissioner of Social Security's ("Commissioner's") denial of her Title II application for a period of disability and disability insurance benefits and her Title XVI application for supplemental social security income. *See* ECF No. 1 ("Compl.") at 10. This Social Security case is referred to Magistrate Judge Gary R. Jones. ECF No. 18.

On February 3, 2026, Judge Jones issued a Report and Recommendation that described the relevant facts and procedural history of the case, and recommended that the undersigned deny Plaintiff's appeal, affirm the Commissioner's final decision, and dismiss this case. See ECF No. 36 ("Report and Recommendation" or "R&R").

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R at 17. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* After requesting an extension to file her objection, which the Court granted, ECF No. 38, Plaintiff timely objected to the Report and Recommendation. ECF No. 39 ("Obj.").

## LEGAL STANDARD

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court "need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This "clearly erroneous" standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## DISCUSSION

Courts review an appeal from the denial of disability benefits using a "substantial evidence" standard. *Nunez v. Comm'r of Soc. Sec.*, 164 F.4th 60, 70 (2d Cir. 2025); *see also Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"). "Substantial evidence is a very deferential standard of review." *Id.* (internal citation and quotation marks omitted). "Indeed, under the substantial evidence standard, the SSA's determination must be upheld if it is rational and supported by the record, even if the evidence is susceptible to more than one rational interpretation." *Id.* (internal citation and quotation marks omitted). "Put differently, if there is 'substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists.'" *Earl G. W. v. Comm'r of the Soc. Sec. Admin.*,

No. 25-CV-7314 (GWG), 2026 WL 1699282, at *4 (S.D.N.Y. June 12, 2026) (quoting *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)).

Plaintiff, through counsel, objected to Judge Jones' Report and Recommendation on the sole ground that the underlying administrative law judge ("ALJ") erred in accepting the testimony of Dr. Henry Urbaniak, a non-practicing physician and "medical expert who testified at one of the administration hearings." Obj.; R&R at 13. Plaintiff argues that Dr. Urbaniak was insufficiently prepared to testify in Plaintiff's case and was not an acceptable medical source because at the time of his testimony, his medical license was inactive. Obj. at 3, 7.

However, contrary to Plaintiff's objection, Judge Jones did not "conclude[] that [the] ALJ's reliance on Dr. Urbaniak's opinion was harmless error." Obj. at 5. Rather, Judge Jones explicitly declined to reach the merits of Plaintiff's argument regarding Dr. Urbaniak's medical license and preparation for the hearing. R&R at 13. Instead, Judge Jones determined that the evidence, "including three other medical opinions and an extensive review, and reasonable reading[] of the record, is sufficient to sustain the ALJ's decision without Dr. Urbani[a]k's opinion." *Id.*

Indeed, on January 3, 2023, Dr. Urbaniak testified before the ALJ that he was "board certified in orthopedic surgery," and although his medical license was inactive, he had communicated with the Rhode Island medical board and was told that he did "not need an active license to practice." ECF No. 16 ("Record" or "R.") at 92–95. At the hearing, the ALJ also confirmed that Plaintiff's then-counsel did not object to Dr. Urbaniak serving as an expert. R. at 96.

The social security disability regulations define an "[a]cceptable medical source" as including a "[l]icensed physician (medical or osteophatic doctor)," among other licensed medical

professionals. 20 C.F.R. § 404.1502. Therefore, the text of the regulations suggests that an active medical license is a requirement for medical experts.

However, an ALJ may still consider the opinions of an unlicensed physician, although their opinions are "accorded less weight" than that of licensed physicians. *Young v. Astrue*, No. 05-CV-1027 (NAM) (GHL), 2008 WL 4518992, at *10 (N.D.N.Y. Sept. 30, 2008) (citing *Smith v. Shalala*, 856 F. Supp. 118, 126 (E.D.N.Y. 1994)). The regulations also allow for consideration of nonmedical experts. *See* 20 C.F.R. § 404.1527(f). Specifically, "the evaluation of an opinion from a medical source who is not an acceptable medical source or from a nonmedical source depends on the particular facts in each case," and "[d]epending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an acceptable medical source or from a nonmedical source may outweigh the medical opinion of an acceptable medical source, including the medical opinion of a treating source." *Id.* Therefore, the ALJ's consideration of Dr. Urbaniak's opinion was not necessarily improper.

Furthermore, the Court agrees with Judge Jones that even without Dr. Urbaniak's testimony, the record still supported the ALJ's decision. R&R at 11–13. Specifically, the ALJ's determination was consistent with three medical experts—an examining physician, Dr. Rosenbaum, and two state medical doctors, Dr. Vinulan and Dr. Stradley. R. at 38–39.

In her objection, Plaintiff raises that although Dr. Rosenbaum examined Plaintiff in determining that she had no limitations on her physical activities, Dr. Rosenbaum did not have "access to her medical records." Obj. at 5. Plaintiff also contends that the state physicians "were influenced" by Dr. Rosenbaum's report and therefore did not constitute independent medical opinions. *Id.* at 5–6. However, Plaintiff has not pointed to anything in the Record, and the Court finds nothing that establishes that the state physicians solely or unduly relied upon Dr.

Rosenbaum's determination. Rather, Dr. Vinulan's and Dr. Stradley's assessments show that they reviewed Plaintiff's file and independently concluded that Plaintiff was not disabled *See* R. at 152–54, 161–64, 176–181.

"State agency physicians are qualified as experts in the evaluation of medical issues in disability claims." *Leach ex rel. Murray v. Barnhart*, No. 02-CV-3561 (RWS), 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004). "As such their opinions may constitute substantial evidence if they are consistent with the record as a whole." *Id.* Therefore, the Court determines that the assessments of Dr. Rosenbaum and the state agency physicians constitute substantial evidence in support of the ALJ's determination.

Furthermore, although Plaintiff argues that the opinions of non-examining physician, Dr. Hussamy, and Plaintiff's treating rheumatologist, Dr. Rackoff, supported a finding of disability, *see* Obj. at 4–5, "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). Despite the existence of conflicting opinions, the Court agrees that even without consideration of Dr. Urbaniak's opinion, there was substantial evidence in the record supporting the ALJ's final determination.

Accordingly, the Report and Recommendation is ADOPTED in its entirety.

## CONCLUSION

The Court ADOPTS Judge Jones' Report and Recommendation in its entirety. Accordingly, the Court AFFIRMS the Commissioner's final decision and closes this case.

The Clerk of Court is directed to seal ECF Nos. 6, 7, 10, 13, 18, 23, 27, 29, 32, 34, and 38. Access to sealed documents is available to only the Court, the parties' counsel, and the parties. The Clerk of Court is also directed to re-caption this case as *Kristen M. v. Commissioner*

*of Social Security*, and to re-name Plaintiff as "Kristen M." Finally, the Clerk of Court is directed to close this case.

Dated: September 28, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge